Cornelius Zitting, Appellant, v. William Facka et al.,
Appellees.

Filed April 22, 1932. No. 28232.

*George N. Gibbs* and *William E. Shuman,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before Goss, C. J., Dean, Good, Day and Paine, JJ., and Landis and Raper, District Judges.

Raper, District Judge.

Cornelius Zitting, appellant, plaintiff below, brought this action to foreclose a mortgage on a section of land in Lincoln county, 360 acres of which was "deeded" land and 279 acres under school land lease. The mortgage on the 360 acres was properly executed by the owner, William Facka, his wife, Leona, joining therein. The wife was the owner of the leases on the school lands. These leases were of considerable value. The plaintiff held a mortgage on the 360 acres of land which had been given by a former owner of the land. When that mortgage became due the Fackas desired to renew it, and Mr. Zitting, who resided in Illinois, came to North Platte in November, 1925, and after some negotiation arranged with William Facka to renew the mortgage, and in order to induce Zitting to renew Mr. Facka signed an agreement which, after stating that William Facka was making a mortgage, recites, "William Facka is placing, as additional collateral to the above mentioned loan, school leases on the following described land," then follows description of the land. The agreement further provided that, in case a payment is made to Zitting of $6,000, said lease would be surrendered to William Facka and said amount credited on the mortgage. Mr. Zitting, believing that

said agreement was valid, surrendered his prior mortgage, which was amply secured, and took a new mortgage, the security for which will no doubt entail a considerable loss.

Mrs. Facka was not present when the agreement pledging the school leases was made and she did not sign the agreement. Mr. Zitting then knew that Mrs. Facka held the title to the leases. The leases were held by the bank for Mr. Zitting. Some time thereafter the banker had the leases renewed by the state, their term having expired. After renewal they were returned to the bank and held there. Previous to the time of the renewal of the mortgage Mrs. Facka had made an assignment of the leases to the Platte Valley Bank to secure a note of $5,000, which sum she and her husband had borrowed to purchase the school land leases. This note had been paid largely, if not entirely, by Mr. Facka, or out of the proceeds of his property, but that may not be important. Mrs. Facka had never had the leases in her possession. The interest on these leases was not paid for some of the semiannual interest payments, and Mr. Zitting paid these arrears to protect the lien he claimed thereon.

William Facka is placed in a very unfavorable light. At the time he signed the agreement to pledge the school land leases, he either believed he had the right to assign them or that he was purposely inducing Mr. Zitting to accept some security that he knew he had no right to pledge. His testimony does not show commendable frankness, and his statements do not carry much weight. Mr. Zitting was grossly imposed on by the inexcusable action of William Facka, but Mr. Zitting is largely to blame, because he did not get the consent of Mrs. Facka to the pledging of the leases, when he knew that she was the owner. There are some circumstances that indicate rather strongly that Mrs. Facka knew that the leases were to be given as additional security for the mortgage, but she positively denies any such knowledge. She stated at the time that there was a conference held after the later mortgage became due in an attempt to get the mortgage

extended again, that she knew the leases had been assigned to Mr. Zitting, but there is no evidence that she stated for how long a time she had known it. And she explains that statement and a further one that she told her husband she would assign them to him if he wanted her to, by stating that she and her husband had talked the matter over before going to the conference and she told him that she would assign the leases if Mr. Zitting would accept them as a large payment on the mortgage debt, and that Mr. Zitting refused to accept the offer.

The trial judge heard the witnesses, and we feel that his conclusion that she was not bound by the agreement of her husband to transfer the school land leases is sustained by sufficient evidence. The court entered decree of foreclosure of the mortgage, and Mr. Zitting was given judgment against Mrs. Facka for the amounts he paid as interest on the leases, and the decree denied Mr. Zitting the right to hold the leases, and that Mrs. Facka's right and title to the leases were not pledged or incumbered. The appellent, Zitting, appeals only from the portion of the decree which denied him a lien on the school land leases.

The decree of the district court is

AFFIRMED.